# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE TYRONE COOPER,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JEANNE WOODFORD, Warden,<br><br>　　　　　Respondent.<br>　　　　　　　　　　　　　　　　／ | CV F   06-1706 OWW SMS HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1]<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER A BLANK CIVIL RIGHTS FORM |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner filed the instant petition for writ of habeas corpus on November 27, 2006.

## DISCUSSION

　　　　Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the

1 | Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. §
2 | 1983 is the proper method for a prisoner to challenge the conditions of that confinement.
3 | McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at
4 | 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.
5 |     In this case, Petitioner submitted a face page for a petition for writ of habeas corpus by a
6 | person in state custody pursuant to 28 U.S.C. § 2254; therefore, the action was opened pursuant
7 | to § 2254.  However, the remaining pages are from a civil rights complaint form.  Petitioner
8 | contends that his Eighth and Fourteenth Amendment rights have been violated when the
9 | defendants participated in the falsification of department reports after placing a knife on him
10 | under the color of law.  Petitioner is challenging the conditions of his confinement, not the fact or
11 | duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this
12 | petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by
13 | way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

<u>RECOMMENDATION</u>

15 |     Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
16 | DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas
17 | corpus relief.
18 |     This Findings and Recommendation is submitted to the assigned United States District
19 | Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
20 | the Local Rules of Practice for the United States District Court, Eastern District of California.
21 | Within thirty (30) days after being served with a copy, any party may file written objections with
22 | the court and serve a copy on all parties.  Such a document should be captioned "Objections to
23 | Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
24 | and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
25 | objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
26 | 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
27 | may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
28 | Cir. 1991).

# ORDER

The Clerk of Court is DIRECTED to SEND Petitioner a blank civil rights complaint form for prisoners seeking relief 42 U.S.C. § 1983.

IT IS SO ORDERED.

**Dated:   January 3, 2007**          /s/ Sandra M. Snyder
icido3                                                        UNITED STATES MAGISTRATE JUDGE